UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES CARL LISSADE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

**MEMORANDUM & ORDER**
26-CV-01958 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff James Carl Lissade, proceeding *pro se*, commenced this action against Defendant Equifax Information Services, LLC by filing a complaint in state court. *See* ECF No. 1-1 (Complaint; "Compl.").[1] Defendant then filed a notice of removal on April 2, 2026, bringing the action in front of the Court. *See* ECF No. 1 (Notice of Removal). Plaintiff brings claims arising from a purported agreement between the parties, which Plaintiff alleges Defendant breached. *See* Compl. at 3–4. Defendant moves to dismiss the Complaint for failure to state a claim. *See* ECF No. 7 (Motion to Dismiss; "Mot."). For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND[2]

Plaintiff is a frequent filer of actions in this Court. Including the instant action, Plaintiff has filed five complaints since the beginning of 2024. Three have been dismissed. *See Lissade*

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this

*v. Hill et al*, No. 24-cv-1182 (E.D.N.Y. filed Feb. 12, 2024); *Lissade v. Cross et al*, No. 25-cv-5821 (E.D.N.Y. filed Oct. 16, 2025); *Lissade v. Closs et al*, No. 25-cv-6767 (E.D.N.Y. filed Dec. 5, 2025). One is still pending. *See Lissade v. Closs et al*, No. 26-cv-1966 (E.D.N.Y. filed Apr. 2, 2026). The last is the instant action. The Court has previously issued a warning to Plaintiff concerning his frivolous filings. *See Lissade v. Hill*, No. 24-cv-1182 (E.D.N.Y. Aug. 28, 2026) (Text Order) ("Plaintiff is hereby warned that if he continues to make additional frivolous, vexatious, and inappropriate filings, he will be required to obtain leave of the Court before filing any additional documents on the docket as a sanction.").

Plaintiff appears to adhere to the sovereign citizen movement. Throughout the Complaint, Plaintiff refers to himself as "King Semaj of Lissade Estate," Compl. at 6–8, and on the invoice sent to Defendant, Plaintiff listed the return address as "FROM THE OFFICE OF HOUSE OF LISSADE[;] THE POA/EXECUTOR/TRUSTEE/FIDUCIARY[;] KING SEMAJ OF LISSADE ESTATE: OBO JAMES CARL LISSADE," *id.* at 7. Such titles are indicative of participation in the movement. *See Kelly v. Barclays Cap., Inc.*, No. 26-cv-4105, 2026 WL 1745788, at *1 (S.D.N.Y. June 17, 2026) (collecting cases discussing sovereign citizens' use of a fictional person called the "strawman"). Here, however, the allegations in the Complaint appear divorced from sovereign citizen theories.

---

stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). Because Plaintiff is proceeding *pro se*, the Court will consider the documents attached to his Complaint: the "Tacit Agreement," invoice, and notice of suit. *See Barkai v. Mendez*, 629 F. Supp. 3d 166, 175 (S.D.N.Y. 2022); Compl. at 6–8. And although the general rule is that a plaintiff may not raise new allegations in his opposition to a motion to dismiss, because Plaintiff is representing himself, the Court will grant him some leeway by considering the allegations in the Complaint, opposition, and sur-reply, in deciding the motion. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

In this action, Plaintiff alleges that he and Defendant are parties to a December 18, 2025, contract, which Defendant allegedly breached, resulting in the following damages: "$299,000.00 for breach of consent [sic]. plus interest an [sic] penalties of 200 times equals $45,800,000.00 according to the terms and services agreement." Compl. at 3 ¶ 3. Plaintiff delivered to Defendant a series of invoices, a "Tacit Agreement," and a notice of suit for "deformation [sic] of corrector [sic] [and] breach of contract," in which he laid out these purported charges and demanded compensation. *See id.* at 6–8. He argues that Defendant failed to pay the charges stated, which had "been received by the defendant via mail and through tacit agreement of terms" and that Defendant therefore "breached the contract and slandered the Name." *See id.* at 4. The purported contract is not included in the Complaint, despite Plaintiff attaching the "Tacit Agreement," "invoice," and "Notice of Suit." *See id.* at 6–8.

On February 24, 2026, Plaintiff filed a *pro se* complaint against Defendant in the Supreme Court of the State of New York, Kings County. *See generally* Compl. Defendant then removed the case to federal court on April 2, 2026. *See* ECF No. 1. On May 22, 2026, Defendant filed a motion to dismiss. *See* Mot. About two weeks later, Plaintiff filed his opposition. *See* ECF No. 9 (Plaintiff's Opposition; "Opp."). Defendant then filed its reply on July 10, 2026. *See* ECF No. 10 (Defendant's Reply; "Rep."). And, one week later, Plaintiff filed a sur-reply. *See* ECF No. 11 (Plaintiff's Sur-Reply; "Sur-Reply").[3]

The Complaint appears to allege breach of contract and slander. *See* Compl. at 4. The Opposition clarifies these claims, stating that "the Complaint plainly references" defamation and

---

[3] Although Plaintiff's filing of the Sur-Reply without leave of court was procedurally improper, in light of Plaintiff's *pro se* status the Court nevertheless considers the allegations and arguments raised therein. *See Montero v. City of New York*, No. 25-cv-2482, 2026 WL 866851, at *2 (S.D.N.Y. Mar. 30, 2026).

reputational injury; financial harm; failure to investigate disputed matters; reliance upon Defendant's reporting conduct; and damages resulting therefrom. *See* Opp. at 2. The Sur-Reply further adds claims based on "Defendant's failure to cease and desist, [or] correct deformation [sic] disputed information after receiving notice." Sur-Reply at 3.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007). The Court must, however, disregard "conclusory allegations, such as formulaic recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.*

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 Fed. App'x 72, 72 (2d Cir. 2020). "A *pro se* litigant, however, is not exempt 'from compliance with relevant rules of procedural and substantive law.'" *Ramos-Nunez v. United States*, No. 14-cr-102, 2019 WL

1300811, at *4 (S.D.N.Y. Mar. 21, 2019) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This includes Rule 8. *See Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Rule 8 "merely requires that any complaint be simple, direct and concise." *Turner v. Cnty. of Suffolk*, 955 F. Supp. 175, 176 (E.D.N.Y. 1997). At a minimum, the complaint must "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). Although "detailed factual allegations are not required," *Iqbal*, 550 U.S. at 678, "[i]t is not enough to say that the defendant harmed me; the claim must include factual details that, if true, would show that the defendant broke the law" and is responsible for the harm to the plaintiff, *Ramjas v. Wilknowski*, No. 25-cv-3289, 2025 WL 1787168, at *1 (E.D.N.Y. June 27, 2025) (citing *Iqbal*, 556 U.S. at 678).

## <u>DISCUSSION</u>

### I. The Complaint Fails to State a Claim

Defendant moves to dismiss the Complaint on the ground that it is a "shotgun pleading" which is "so conclusory and vague that [Defendant] is unable to adequately respond" and therefore fails to state a claim upon which relief may be granted. *See* Mot. at 2–3. Specifically, Defendant argues that "no facts are pled by which [Defendant] can determine any connection between [its] purported conduct and Plaintiff's alleged harm." *Id.* Such a pleading is subject to dismissal. *See Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

Initially, the Complaint appears to assert defamation and breach of contract claims in which Plaintiff alleges that "[D]efendant failed to pay the charges stated in the contract which were for . . . slander . . . non removal & change . . . Trading standards . . . [and] Failure to perform." Compl. at 4 ¶ 5; *see also id.* at 8 ("This notice is to inform you that we shall be filing

a suit agent [sic] you EQUIFAX for deformation [sic] of corrector [sic] [and] breach of contract[.]"). In the Opposition, however, Plaintiff clarifies that "the Complaint plainly references" claims for "defamation and reputational injury; financial harm; failure to investigate disputed matters; reliance upon Defendant's reporting conduct; and damages resulting therefrom." *Id.* at 1–2. Despite pleading some recognizable claims in the Opposition, Plaintiff still fails to state a claim.

As to defamation and reputational injury, Plaintiff's claim fails because he has not pleaded any actual defamatory statement attributable to Defendant. *See Unlimited Cellular, Inc. v. Red Points Sols. SL*, 677 F. Supp. 3d 186, 197 (S.D.N.Y. 2023). Next, to the extent that Plaintiff's allegation of "financial harm" is intended as its own claim, it too fails because "the bare existence of an abstract injury is not enough to confer standing." *Matter of Appointment of Indep. Counsel*, 766 F.2d 70, 76 (2d Cir. 1985). Plaintiff further alleges that Defendant "fail[ed] to investigate disputed matters" and that he "rel[ied] upon Defendant's reporting conduct." Opp. at 2. Defendant interprets these liberally as Fair Credit Reporting Act ("FCRA") claims, which it argues must be dismissed because the Opposition "fails to present any argument that [the] Complaint demonstrates [Defendant]'s use of unreasonable procedures resulted in the reporting of inaccurate information and does not even allege what tradeline in his report was false or which Disputes Defendant[] failed to investigate." Rep. at 2–3 (citing *Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021)).[4] The Court agrees. Plaintiff's claims are devoid of any facts as to what the disputed information is let alone that it is

---

[4] Defendant properly raised new arguments in the Reply because those arguments respond to the Opposition. *See Williams v. N.Y.C. Dep't of Educ.*, No. 19-cv-01353, 2021 WL 1178118, at *4 (S.D.N.Y. Mar. 29, 2021) ("A court generally will consider arguments raised for the first time in reply if they are responses to the other party's opposition.").

inaccurate. *See Gross*, 512 F. Supp. 3d at 426 ("To state a claim under either § 1681e(b) or § 1681i [of the FCRA], a plaintiff must allege facts showing that the disputed information was inaccurate."). The same is true with respect to the allegation that Defendant failed to "correct deformation [sic] disputed information after receiving notice." Sur-Reply at 3; *Gross*, 512 F. Supp. 3d at 426. And with respect to his allegation that he "rel[ied] upon Defendant's reporting conduct," this also fails because Plaintiff does not identify the specific misrepresentations on which he relied. *See Cohen v. Nutricost*, 747 F. Supp. 3d 467, 476 (E.D.N.Y. 2024). Plaintiff's Complaint, Opposition, and Sur-Reply, when read together, fail to allege a cognizable cause of action.[5]

## II. Leave to Amend

"A court should freely give leave [to amend] when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90–91 (2d Cir. 2023) (affirming denial of leave to amend). When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "However, leave to amend should be denied if it would be futile." *Thompson v. Racette*, 519 Fed. App'x 32, 34 (2d Cir. 2013). Although Plaintiff seeks leave to amend, *see* Opp. at 3, this request is denied as futile.

[5] The Sur-Reply rehashes much of the same points Plaintiff makes in the Complaint and Opposition, including that Defendant had notice of Plaintiff's disputes and that Defendant mischaracterizes the claims. *See* Sur-Reply at 3.

Plaintiff has already had several opportunities to amend the Complaint. In April, the Court directed Plaintiff to state whether he "believes the complaint can be amended to address the issues raised in Defendant's [pre-motion] letter." April 10, 2026, Text Order. Plaintiff did not seek to amend the Complaint at that time. *See* ECF No. 6; April 27, 2026, Text Order. The Court then provided Plaintiff with guidance concerning potentially amending his Complaint. *See* April 27, 2026, Text Order. This included (1) directions to file a letter and proposed amended complaint before May 7, 2026, *see id.*, and (2) a warning that "if Plaintiff attempts to request leave to amend in Plaintiff's opposition brief, without proposing any specific amendments, the Court will not be inclined to grant leave to amend because 'denial of leave to amend is proper where the request gives no clue as to how the complaint's defects would be cured,'" *id.* (quoting *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (affirming denial of leave to amend)). Plaintiff failed to file a letter by the specified date and his request for leave to amend in the Opposition did not comply with the Court's instructions. Moreover, the Court treats allegations raised in the Opposition and Sur-Reply as though they were part of the formal pleadings.[6] *See McKeever v. Singas*, No. 17-cv-4996, 2022 WL 5430426, at *2, *15 (E.D.N.Y. June 16, 2022) (considering allegations raised for first time in *pro se* plaintiff's opposition when deciding motion to dismiss and denying leave to amend), *report and recommendation adopted as modified*, 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022). Therefore, "leave to amend would be futile because [P]laintiff ha[s] already had [several] bites at the apple and they have proven fruitless." *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-cv-1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011).

---

[6] Plaintiff raises new claims, seemingly under the FCRA, in the Opposition. *See* Opp. at 2. Nowhere in the Complaint did Plaintiff mention the FCRA or allege that Defendant failed to investigate disputed matters.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss, ECF No. 7, and DISMISSES Plaintiff's Complaint, ECF No. 1-1, in its entirety with prejudice pursuant to Rule 12(b)(6). Although Plaintiff did not pay a filing fee because this action was removed to federal court, and he has not been granted *in forma pauperis* status by this Court, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment consistent with this Order, close this case, mail a copy of this Order to *pro se* Plaintiff, and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 16, 2026